IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-31249
Summary Calendar

---

BALRAM RAMSUKH,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
USCA No. 98-CV-1849

---

November 23, 1999

Before GARWOOD, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[1]

Petitioner-appellant Balram Ramsukh (Ramsukh) appeals the district court's dismissal of his habeas petition filed in September 1998 under 28 U.S.C. § 2241 complaining of his detention by the Immigration and Naturalization Service (INS).

Ramsukh alleged that he is a native and citizen of Grenada who has been in the United States since his original entry in 1983, that in August 1993 he was convicted of carrying a concealed firearm and aggravated assault with a firearm, that he was taken

---

[1]Pursuant to 5TH CIR. R.4 7.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

into INS custody in July 1994, that in August 1994 an Immigration Judge ordered him deported to Grenada, that he filed for habeas relief in September 1996 which Judge Haik (United States District Judge, Western District of Louisiana, sitting in the Lafayette-Opelousas Division) denied in August 1997, and that "Petitioner has been continuely (sic) detained by INS, and INS officials are not making any effort to deport Petitioner" and that "Petitioner has co-operated with INS officials and has done everything he can to help with his deportation, but yet the INS cannot deport him." We construe this habeas petition as only challenging Ramsukh's continued detention, not the order deporting him; the magistrate judge similarly construed the petition and Ramsukh did not challenge that construction of it below and has not challenged it on appeal.

The magistrate judge recommended that the petition be dismissed for want of jurisdiction, concluding that jurisdiction was precluded by 8 U.S.C. § 1252(g). Ramsukh filed objections to the report. The district court (Chief Judge Little, sitting in the Alexandria Division of the Western District of Louisiana) adopted the magistrate judge's report and dismissed the petition, concluding "[t]his court lacks jurisdiction to consider petitioner's writ of habeas corpus."

Neither the INS nor any other respondent was ever served with or had notice of the petition and neither entered any appearance or made any filing in the court below. Following this appeal, the INS, at the request of this Court, has filed a brief in this Court.

2

Under our recent holding in *Zadvydas v. Underdown*, 185 F.3d 279, 285-86 (5th Cir. 1999), the district court erred in holding that it lacked jurisdiction to consider the petition.

With respect to the merits (if any) of the instant habeas we note that we stated in *Zadvydas*:

> "We hold that the government may detain a resident alien based on either danger to the community or risk of flight while good faith efforts to effectuate the alien's deportation continue and reasonable parole and periodic review procedures are in place." Id. at 297.

We also note in this connection that the magistrate judge's June 1997 report and recommendation in Ramsukh's above-mentioned prior habeas, a copy of which he has attached to his appellant's brief in this appeal, details the INS's extensive efforts to effectuate Ramsukh's deportation and his multiple failures to cooperate with the INS, and determines "that petitioner is not eligible for release . . . due to petitioner's failure to cooperate with INS officials," citing, among other authorities, *Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir. 1993).

While the foregoing suggests that Ramsukh's petition is or will ultimately be determined to be wholly lacking in merit, we believe that sound and orderly judicial procedure counsel remand to the district court to address in the first instance the merits, if any, of the petition.

Accordingly, the judgment of the district court dismissing the habeas petition for want of jurisdiction is vacated and the cause is remanded.

VACATED and REMANDED